Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
T: (415) 421-7151
F: (415) 362-8064
egoldsmith@altber.com
dleonard@altber.com

J. Gerard Stranch, IV*
Michael C. Iadevaia*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
T: (615) 254-8801
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

\* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*

*Additional Counsel on Following Page*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MADERA COMMUNITY HOSPITAL, <br><br> Debtor. | Chapter 11 <br><br> Case No. 23-10457 |
| ANTONIO RUBIO, on behalf of themselves and those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MADERA COMMUNITY HOSPITAL, <br><br> Defendant. | Adv. Proc. No. _____ <br><br> Class Action Complaint <br><br> Jury Demanded |

- 1 -

CLASS ACTION COMPLAINT

Samuel J. Strauss*
Raina C. Borrelli*
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

Lynn A. Toops*
Amina A. Thomas*
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
T: (317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT

# CLASS ACTION ADVERSARY PROCEEDING COMPLAINT
# FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq.*

Antonio Rubio (the "Plaintiff"), on behalf of himself and a putative class of similarly situated former employees as defined herein, brings this suit against Madera Community Hospital, by way of this Class Action Complaint and Adversary Proceeding Complaint against Defendant-Debtor, allege as follows:

## NATURE OF THE ACTION

1. This is a core proceeding within the meaning of 28 U.S.C. § 157(b) and Federal Rule of Bankruptcy Procedure 7008(a), relating to the above-captioned case entitled *In re Madera County Community Hospital*, E.D. Cal. Bankr. Case No. 23-10457, filed under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of California, Fresno Division.

2. This case was originally filed in the United States District Court against Defendant, *Rubio v. Madera Community Hospital*, No. 1:23-cv-00262-SAB (E.D. Cal.). Plaintiff now pursues its claims against Defendant-Debtor in this Court.

3. Plaintiff consents to entry of the final order or judgment in this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Fed. R. Bankr. P. 7008.

4. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), the California Worker Adjustment and Retraining Notification Act (the "California WARN Act"), Cal. Lab. Code §§ 1400–1413, and California Labor Code § 227.3, by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Defendant-Debtor Madera Community Hospital, his employer for WARN Act purposes.

5. On or about January 2, 2023, Madera Community Hospital made a mass layoff by, unilaterally and without notice, permanently terminating approximately 772 employees at its Madera, CA facilities, without any notice to employees or staff.

6.      Madera Community Hospital failed to provide 60 days advance written notice as required by the WARN Act, 29 U.S.C. § 2101 *et seq.,* and the California WARN Act, Cal. Lab. Code § 1401, to the affected employees.

7.      Madera Community Hospital also failed to pay vested paid time off upon termination of the affected employees, in violation of Cal. Labor Code § 227.3.

8.      On December 23, 2022, Madera Community Hospital informed the affected employees that layoffs were imminent and that the Hospital was filing for bankruptcy.

9.      On January 2, 2023, affected employees were informed by Human Resources that their services were no longer needed, and they were advised to collect their final pay checks on that same day.

10.      Madera Community Hospital's January 2, 2023, terminations constituted a mass layoff or plant closing which became effective on that same day—January 2, 2023. As such, Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act and California WARN Acts and should have been paid their accrued but unused paid time off under the California Labor Code.

## JURISDICTION AND VENUE

11.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

12.      On March 10, 2023, Defendant-Debtor filed a voluntary non-individual petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

13.      The bankruptcy court case is being administered under Bankruptcy Case Number 23-10457.

14.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

15.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

16.      Venue over this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

17. Pursuant to E.D. Cal. Bankr. Local Rule 1002-1, intradistrict assignment to the Fresno Division is proper. The alleged claims arose in Madera and Fresno Counties.

## PARTIES

18. Plaintiff Antonio Rubio is a citizen of the United States and resident of Madera County, California. Plaintiff Rubio was employed by Madera Community Hospital at all relevant times. Plaintiff is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7) and an "employee" within the meaning of the California WARN Act, Cal. Lab. Code § 1400.5(h).

19. Defendant-Debtor Madera Community Hospital is a not-for-profit 501(c)(3) organization with its principal place of business at 1250 East Almond Ave, Madera, CA, 93637.

20. Defendant-Debtor Madera Community Hospital is the responsible entity for the operation of the facility located at 1250 East Almond Ave, Madera, CA, 93637 as well as the locations at 1210 East Almond Ave, Madera, CA, ("Family Health Services Clinic"), 285 Hospital Drive, Chowchilla, CA ("Chowchilla Medical Center"), and 121 Belmont Ave, Suite 100, Mendota, CA ("Family Health Services Mendota Clinic").

## FACTS

21. Madera Community Hospital is a not-for-profit, freestanding, community-based independent hospital, not associated with any hospital or health system.

22. On or about December 23, 2022, without notice or warning, Madera Community Hospital informed, by written documents and verbal communications, its employees at all of its locations in Madera, Chowchilla, and Mendota, CA, that it was eliminating certain positions and terminating certain employees' employment effective January 2023 and that terminated employees would perform no additional compensated services.

23. Plaintiff Antonio Rubio was employed as a maintenance mechanic in the engineering department of Madera Community Hospital for approximately 14 years.

24. On January 2, 2023, Plaintiff Antonio Rubio was informed that he had been paid for his time worked and was advised to collect his last paycheck. He did not receive any payment for his outstanding, accrued 368 hours of PTO, and he was not offered any severance.

25. In a notice dated January 4, 2023, but which, on information and belief, was not filed with the California Employment Development Department until January 20, 2023, Madera Community Hospital advised that 772 employees of Madera Community Hospital located at the four facilities in Madera, Chowchilla, and Mendota, CA, were separated from employment.

26. The Madera Community Hospital did not provide any notice as required by the federal WARN Act, 29 U.S.C. § 2101 *et seq.* or California WARN Act, Cal. Lab. Code § 1401(b), even though it planned to abolish, terminate, and/or layoff more than 100 full-time employees employed at the four facilities.

27. Upon information and belief, no circumstances existed that would have permitted Madera Community Hospital to reduce the notification period as provided in 29 U.S.C. § 2102(b) and Cal. Lab. Code § 1401(b).

28. By failing to provide its affected employees who were temporarily or permanently terminated on or around January 2, 2023, with WARN Act Notice and other benefits, Defendant-Debtor has acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the federal/California WARN Acts.

29. By failing to pay accrued vacation time upon termination, Defendant-Debtor is in violation of California Labor Code § 227.3.

## RULE 23 CLASS ACTION ALLEGATIONS

30. Plaintiff brings his WARN Act claim and California WARN Act claims as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Madera Community Health in the Madera, Chowchilla, and Mendota, CA facilities, who were terminated pursuant to a mass layoff or termination (as those terms are defined in California Labor Code § 1400.5) or a mass layoff or plant closing (as those terms are defined in the federal WARN Act) on or around January 2, 2023.

31. Plaintiff brings his claim under the California Labor Code for failure to pay vested vacation pay upon termination pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Madera Community Health in the Madera, Chowchilla, and Mendota, CA facilities, whose employment was

permanently terminated or temporarily suspended within 30 days of January 2, 2023 and were not paid their accrued but unused paid time off as wages upon termination.

32. Class Action treatment of federal WARN Act claims, California WARN Act claims, and California Labor Code violation are appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. Both classes include, upon information and belief, over 50 class members, and, as such, are so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the classes, including, *inter alia*, whether Defendant-Debtor provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102, and whether Defendant-Debtor failed to pay vested paid time off. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiff is a member of both classes, and the claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

   d. Plaintiff will fairly and adequately represent the classes and their interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

33. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant-Debtor and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

34. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant-Debtor acted or refused to act on grounds generally applicable to the

1  Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as
2  a whole.

3        35.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3)
4  because common questions of law and fact predominate over any question affecting only individual
5  class members, and because a Class Action is superior to other available methods for the fair and
6  efficient adjudication for this litigation.

**VIOLATIONS OF THE FEDERAL WARN ACT, 29 U.S.C. §§ 2101, *et seq*.**
**COUNT I**
**(WARN Act)**
**(On behalf of Plaintiff and All Class Members)**

11       36.     Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full
12  here.

13       37.     Madera Community Hospital is an "employer" within the meaning of the WARN
14  Act, 29 U.S.C § 2101(a)(1).

15       38.     Madera Community Hospital employed more than 100 full-time employees for at
16  least six months of the 12 months preceding the date that notice was required under the WARN
17  Act.

18       39.     Plaintiff and those he seeks to represent were at all relevant times "affected
19  employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

20       40.     The January 2, 2023, closure of Madera Community Hospital constituted a "plant
21  closing" as defined in 29 U.S.C. § 2101(a)(2) in that it was a permanent or temporary shutdown of
22  a single site of employment that resulted in an employment loss for 50 or more employees. Upon
23  information and belief, the shutdown will last longer than 30 days.

24       41.     The January 2, 2023, permanent layoffs resulted in "employment losses" as defined
25  in 29 U.S.C. § 2101(a)(3)(B)(ii).

26       42.     For purposes of 29 U.S.C. § 2101(a)(3)(B), the facilities in Madera, Chowchilla, and
27  Mendota, CA constitute a single site of employment in that the locations are within the same
28  geographic area, share the same operational purpose, and may share the same staff or equipment.

These facilities, collectively, are the places which relevant employees were assigned as their home base, the place from which their work was assigned, and the place where they reported for work.

43. The WARN Act requires employers to provide 60 days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

44. On information and belief, prior to January 2, 2023, Madera Community Hospital did not give proper prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Upon information and belief, nor did Defendant-Debtor give any *prior* written notice to the California Employment Development Department ("EDD"), or to the chief elected official of the local government within which the mass layoff was ordered. Rather, Defendant-Debtor waited until after the layoffs began to do attempt to do so, and its notice was not received by EDD until after the layoffs had occurred.

45. Defendant-Debtor violated the WARN Act by failing to give timely written notice as required by 29 U.S.C. § 2102(a) of the mass layoff that began on or about January 2, 2023.

46. As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

47. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(a)(5).

48. Moreover, Defendant-Debtor's violations of the WARN Act were not in good faith, and Defendant-Debtor had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

Filed 05/11/23

**VIOLATIONS OF THE CALIFORNIA WARN ACT,**
**CAL. LAB. CODE §§ 1401,** *et seq***.**
**COUNT II**
**(California WARN Act)**
**(On behalf of Plaintiff and All Class Members)**

49. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

50. Madera Community Hospital is an "employer" within the meaning of the California WARN Act. Cal. Lab. Code § 1400.5(b).

51. Plaintiff and those he seeks to represent were at all relevant times "employees" within the meaning of the Cal. Lab. Code § 1400.5(h).

52. The January 2, 2023, permanent layoffs resulted in a "layoff," "mass layoff," or "termination" as defined in Cal. Lab. Code § 1400.5(c), (d), and (f) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. Upon information and belief, the shutdown will last longer than 30 days.

53. For purposes of Cal. Lab. Code § 1400.5(a), the facilities in Madera, Chowchilla, and Mendota, CA employed more than 75 persons within the preceding 12 months and constitute a single "covered establishment" in that the locations are within the same geographic area, share the same operational purpose, and may share the same staff or equipment. These facilities, collectively, are the places to which relevant employees were assigned as their home base, the place from which their work was assigned, and the place where they reported for work.

54. The California WARN Act requires employers to provide 60 days' notice of any plant closing to "the employees of the covered establishment affected by the order" and "[t]he California Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the termination, relocation, or mass layoff occurs." Cal. Lab. Code § 1401(a)(1)–(2).

55. On information and belief, prior to January 2, 2023, Madera Community Hospital did not give proper prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in Cal. Lab.

1     Code § 1401(a)(1)–(2). Upon information and belief, nor did Defendant-Debtor give any *prior*

2     written notice to the California Employment Development Department ("EDD"), or to the chief

3     elected official of the local government within which the mass layoff was ordered. Rather, because

4     Defendant-Debtor waited until after the layoffs began to do so or attempt to do so, its notice was

5     not received by EDD until after the layoffs had occurred.

6         56.    Defendant-Debtor violated the California WARN Act by failing to give timely

7     written notice of the mass layoff, which began on or about January 2, 2023, as required by the

8     California WARN Act, Cal. Lab. Code § 1401(b).

9         57.    The California WARN Act expressly permits a person to bring a civil action

10    individually and on behalf of all those similarly situated to seek relief for violations of the

11    provisions of Cal. Lab. Code § 1404.

12         58.    Moreover, Defendant-Debtor's violations of the WARN Act were not in good faith,

13    and Defendant-Debtor had no reasonable grounds for believing that the plant closing or mass layoff

14    it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102, which are

15    incorporated into the California WARN Act, Cal. Lab. Code § 1401(b).

**VIOLATIONS OF THE CALIFORNIA LABOR CODE,
CAL. LAB. CODE § 227.3
COUNT III
(Failure to pay vested vacation pay upon termination)
(On behalf of Plaintiff and All Class Members)**

20         59.    Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full

21    here.

22         60.    Pursuant to California Labor Code § 227.3, an employer must pay its employees

23    who are entitled to paid vacation days pursuant to a contract of employment or employer policy

24    their accrued but unused vacation pay as wages upon termination.

25         61.    Pursuant to company policy, Defendant-Debtor provided Plaintiff and those he

26    seeks to represent with accrued paid time off. Upon the employees' termination on or about January

27    2, 2023, Defendant-Debtor failed to pay those who were discharged the full amount of their accrued

28    paid time off as wages. Accordingly, Defendant-Debtor has violated Labor Code § 227.3.

**CLAIM FOR PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT,**
**CAL. LAB. CODE §§ 2698-2699** *et seq.*
**COUNT IV**
**(Penalties under the Labor Code Private Attorneys General Act)**
**(On Behalf of Plaintiff and all Aggrieved Employees)**

62. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

63. Under the Labor Code Private Attorneys General Act, Labor Code §§ 2698-2699 *et seq.*, an "aggrieved employee" may bring a civil action on behalf of himself and other employees to recover civil penalties for violations of the California Labor Code. These penalties are in addition to any other relief under the Labor Code.

64. Plaintiff brings this claim on behalf of himself and other aggrieved employees of Defendant-Debtor.

65. Plaintiff is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and is a proper representative to bring a civil action on behalf of himself and other employees of Defendant-Debtor.

66. As set forth above, Defendant-Debtor committed a violation of the California Labor Code by failing to pay vested vacation pay upon termination, in violation of Cal. Lab. Code. §227.3.

67. Plaintiff provided written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and to Madera Community Hospital regarding the specific provisions of the Labor Code alleged to have been violated by Defendant-Debtor, including the facts and theories to support the alleged violation, on February 22, 2023. More than 65 days have elapsed since those submissions, and the LWDA has not exercised jurisdiction over the claim for civil penalties under the Private Attorneys General Act. Cal. Lab. Code. § 2699.3(a)(2)(A). Accordingly, Plaintiff and aggrieved employees have exhausted administrative remedies as required by Labor Code § 2699.3.

68. Labor Code § 2699(f) sets forth the civil penalty for a violation for which the Labor Code does not otherwise specify a penalty. Because Labor Code § 227.3 does not specify a penalty

for failure to pay vested vacation pay as wages upon the termination of employment, Plaintiff and all other aggrieved employees are entitled to recover the penalty provided by Labor Code § 2699(f).

69. Under the Labor Code Private Attorneys General Act, all plaintiffs and aggrieved employees are entitled to recover the maximum civil penalties permitted by law from Madera Community Hospital for the violations of § 227.3 as alleged in this Complaint. All plaintiffs and aggrieved are also entitled to recover their attorneys' fees and costs under Labor Code § 2699(g).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and his counsel of record as Class Counsel;

2. A declaration that Defendant-Debtor has violated the WARN Act, California WARN Act, and California Labor Code;

3. A judgment against Defendant-Debtor and in favor of Plaintiff and those he seeks to represent equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A), California WARN Act, with the first $15,150.00 of each Class member's allowed claim entitled to wage priority claim treatment under 11 U.S.C. § 507(a)(4) & (5), and any remainder as a general unsecured claim;

4. A judgment against Defendant-Debtor and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B) and California WARN Act, Cal. Lab. Code § 1402 with the first $15,150.00 of each Class Member's allowed claimed entitled to wage priority claim treatment under 11 U.S.C. § 507(a)(5), and any remainder as a general unsecured claim;

5. A monetary award for monies owed under California Labor Code § 227.3 in the maximum amounts permitted by law, with the first $15,150.00 of each Class member's allowed claim entitled to wage priority claim treatment under 11 U.S.C. § 507(a)(4) & (5), and any remainder as a general unsecured claim;

6. A monetary award of civil penalties authorized by the Labor Code Private Attorneys General Act, Labor Code §§ 2698-2699 *et seq.*, in the maximum amount permitted by law;

7. A finding that Defendant-Debtor's violations of the WARN Act and California WARN Act were and are willful, not in good faith, and that Defendant had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102, and/or the California WARN Act, Cal. Lab. Code § 1401(b); and Labor Code Private Attorneys General Act, Labor Code §§ 2698-2699 *et seq.*;

8. A judgment against Defendant-Debtor and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), California WARN Act, Cal. Lab. Code §§ 1404, Cal. Lab. Code § 218.5, and/or Cal. Lab. Code § 2699(g); and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

9. An allowed administrative priority claim against Debtors under 11 U.S.C. § 503 for the reasonable attorney's fees and the costs and disbursements that Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 20 U.S.C. § 2104(a)(3) and (6); the California WARN Act, Cal. Lab. Code § 1403; Cal. Lab. Code. § 227.3; and Cal. Lab. Code § 2699(g); and

10. Such other and further relief as this Court deems just and proper and allowed under the WARN Act, California WARN Act, and California Labor Code.

Dated: May 11, 2023                              Respectfully submitted,

                                                                By: *s/*Eileen B. Goldsmith
                                                                Eileen B. Goldsmith (SBN 218029)
                                                                Danielle E. Leonard (SBN 218201)
                                                                ALTSHULER BERZON LLP
                                                                177 Post St., Suite 300
                                                                San Francisco, CA 94108
                                                                T: (415) 421-7151

F: (415) 362-8064
egoldsmith@altber.com
dleonard@altber.com

Samuel J. Strauss*
Raina C. Borrelli*
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

J. Gerard Stranch, IV*
Michael C. Iadevaia*
STRANCH, JENNINGS
& GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
T: (615) 254-8801
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Lynn A. Toops*
Amina A. Thomas*
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
T: (317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*