**WANGER JONES HELSLEY**
Riley C. Walter #91839
Michael S. Helsley #199103
Giulio A. Sanchez #317329
Steven K. Vote #309152
265 East River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail: rwalter@wjhattorneys.com
mhelsley@wjhattorneys.com
gsanchez@wjhattorneys.com
svote@wjhattorneys.com

Attorneys for Defendant Madera Community Hospital

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 23-10457 |
| MADERA COMMUNITY HOSPITAL, | Chapter 11 |
| Debtor in Possession. | Adv. Proc. No. 23-01024 |
| ANTONIO RUBIO, on behalf of themselves and those similarly situated, | **ANSWER TO CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| v. | Complaint Filed: May 11, 2013 |
| MADERA COMMUNITY HOSPITAL, | Jury Trial Demanded |
| Defendant. | |

{10538/011/GAS1846.DOCX}     1
ANSWER TO CLASS ACTION COMPLAINT

        Defendant MADERA COMMUNITY HOSPITAL ("Defendant") answers the Class Action Complaint filed by Plaintiff ANTONIO RUIZ ("Plaintiff"), and asserts the affirmative defenses, as follows. If an allegation is not specifically admitted, it is denied.

## NATURE OF THE ACTION

1. As to Paragraph 1, Defendant admits that this proceeding relates to "the above-captioned case entitled *In re Madera County Community Hospital*, E.D. Cal. Bankr. Case No. 23-10457, filed under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of California, Fresno Division." As to the remaining allegations in Paragraph 1, the allegations consist of legal argument to which no response is required.

2. Defendant admits Paragraph 2.

3. The allegations of Paragraph 3 consist of Plaintiff's consent statement pursuant to Fed. R. Bankr. P. 7008 to which no response is required. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. The allegations of Paragraph 4 consist of legal argument to which no response is required.

5. The allegations of Paragraph 5 consist of legal argument to which no response is required.

6. The allegations of Paragraph 6 consist of legal argument to which no response is required.

7. The allegations of Paragraph 7 consist of legal argument to which no response is required.

8. As to Paragraph 8, Defendant admits that it informed affected employees that layoffs were imminent. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Defendant admits Paragraph 9.

10. The allegations of Paragraph 10 consist of legal argument to which no response is required.

## JURISDICTION AND VENUE

11. The allegations of Paragraph 11 consist of legal argument to which no response is required.

12. Defendant admits Paragraph 12.

13. Defendant admits Paragraph 13.

14. The allegations of Paragraph 14 consist of legal argument to which no response is required.

15. The allegations of Paragraph 15 consist of legal argument to which no response is required.

16. The allegations of Paragraph 16 consist of legal argument to which no response is required.

17. The allegations of Paragraph 17 consist of legal argument to which no response is required.

## PARTIES

18. As to Paragraph 18, Defendant admits Plaintiff was employed by Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff is a citizen of the United States and resident of Madera County, California. The remaining allegations of Paragraph 18 consist of legal argument to which no response is required.

19. Plaintiff admits Paragraph 19.

20. The allegations of Paragraph 20 consist of legal argument to which no response is required.

## FACTS

21. Plaintiff admits Paragraph 21.

22. As to Paragraph 22, Defendant admits that on or about December 23, 2022, it provided notice to its employees at its locations in Madera, Chowchilla, and Mendota, CA, that it was terminating certain employees' employment. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Defendant admits Paragraph 23.

24. As to Paragraph 24, Defendant admits that on January 2, 2023, Plaintiff was advised to collect his last paycheck. Defendant also admits Plaintiff was not offered any severance. As to the remaining allegations of Paragraph 24, they consist of legal argument to which no response is required.

25. As to Paragraph 25, Defendant admits it submitted notice to the California Employment Development Department that 772 employees of Defendant located at four facilities in Madera, Chowchilla, and Mendota, CA would be or were separated from employment. To the extent Paragraph 25 alleges any notice was untimely, this consists of legal argument to which no response is required.

26. The allegations of Paragraph 26 consist of legal argument to which no response is required.

27. The allegations of Paragraph 27 consist of legal argument to which no response is required.

28. The allegations of Paragraph 28 consist of legal argument to which no response is required.

29. The allegations of Paragraph 29 consist of legal argument to which no response is required.

## **RULE 23 CLASS ACTION ALLEGATIONS**

30. The allegations of Paragraph 30 consist of legal argument to which no response is required.

31. The allegations of Paragraph 31 consist of legal argument to which no response is required.

32. The allegations of Paragraph 32 consist of legal argument to which no response is required.

33. The allegations of Paragraph 33 consist of legal argument to which no response is required.

34. The allegations of Paragraph 34 consist of legal argument to which no response is required.

35. The allegations of Paragraph 34 consist of legal argument to which no response is required.

**VIOLATIONS OF THE FEDERAL WARN ACT, 29 U.S.C. §§ 2101,** *et seq***.**
**COUNT I**
**(WARN Act)**

**(On behalf of Plaintiff and All Class Members)**

36. As to Paragraph 36, Defendant restates and incorporates by reference the responses to each preceding paragraph above.

37. The allegations of Paragraph 37 consist of legal argument to which no response is required.

38. As to Paragraph 38, Defendant admits it has employed more than 100 full-time employees. The remaining allegations of Paragraph 38 consist of legal argument to which no response is required.

39. The allegations of Paragraph 39 consist of legal argument to which no response is required.

40. The allegations of Paragraph 40 consist of legal argument to which no response is required.

41. The allegations of Paragraph 41 consist of legal argument to which no response is required.

42. The allegations of Paragraph 42 consist of legal argument to which no response is required.

43. The allegations of Paragraph 43 consist of legal argument to which no response is required.

44. The allegations of Paragraph 44 consist of legal argument to which no response is required.

45. The allegations of Paragraph 45 consist of legal argument to which no response is required.

46. The allegations of Paragraph 46 consist of legal argument to which no response is required.

47. The allegations of Paragraph 47 consist of legal argument to which no response is required.

48. The allegations of Paragraph 48 consist of legal argument to which no response is required.

**VIOLATIONS OF THE CALIFORNIA WARN ACT,
CAL. LAB. CODE §§ 1401, *et seq.*
COUNT II**

**(California WARN Act)**

**(On behalf of Plaintiff and All Class Members)**

49. As to Paragraph 49, Defendant restates and incorporates by reference the responses to each preceding paragraph above.

50. The allegations of Paragraph 50 consist of legal argument to which no response is required.

51. The allegations of Paragraph 51 consist of legal argument to which no response is required.

52. The allegations of Paragraph 52 consist of legal argument to which no response is required.

53. The allegations of Paragraph 53 consist of legal argument to which no response is required.

54. The allegations of Paragraph 54 consist of legal argument to which no response is required.

55. The allegations of Paragraph 55 consist of legal argument to which no response is required.

56. The allegations of Paragraph 56 consist of legal argument to which no response is required.

57. The allegations of Paragraph 57 consist of legal argument to which no response is required.

58. The allegations of Paragraph 58 consist of legal argument to which no response is required.

**VIOLATIONS OF THE CALIFORNIA LABOR CODE,
CAL. LAB. CODE § 227.3
COUNT III**

**(Failure to pay vested vacation pay upon termination)**

**(On behalf of Plaintiff and All Class Members)**

59. As to Paragraph 59, Defendant restates and incorporates by reference the responses to each preceding paragraph above.

60. The allegations of Paragraph 60 consist of legal argument to which no response is required.

61. As to Paragraph 61, Defendant admits that pursuant to company policy, Defendant provided Plaintiff and its employees accrued paid time off. The rest of the allegations of Paragraph 61 consist of legal argument to which no response is required.

**CLAIM FOR PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS
GENERAL ACT,
CAL. LAB. CODE §§ 2698-2699, et seq.
COUNT IV**

**(Penalties under the Labor Code Private Attorneys General Act)**

**(On behalf of Plaintiff and All Aggrieved Employees)**

62. As to Paragraph 62, Defendant restates and incorporates by reference the responses to each preceding paragraph above.

63. The allegations of Paragraph 63 consist of legal argument to which no response is required.

64. The allegations of Paragraph 64 consist of legal argument to which no response is required.

65. The allegations of Paragraph 65 consist of legal argument to which no response is required.

66. The allegations of Paragraph 66 consist of legal argument to which no response is required.

67. As to Paragraph 67, Defendant is informed and believes, and on that basis, admits that Plaintiff submitted a notice to the Labor & Workforce Development Agency ("LWDA") on

February 22, 2023. Defendant also admits that 65 days have elapsed since that submission. The remaining allegations of Paragraph 67 consist of legal argument to which no response is required. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67.

68. The allegations of Paragraph 68 consist of legal argument to which no response is required.

69. The allegations of Paragraph 69 consist of legal argument to which no response is required.

## **AFFIRMATIVE DEFENSES**

As separate and distinct defenses to Plaintiff's claims set forth in the Class Action Complaint, and without assuming any additional burden of proof or production, Defendant alleges the following affirmative defenses:

## **FIRST AFFIRMATIVE OR OTHER DEFENSE**

**(Failure to State a Cause of Action – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff's Class Action Complaint, and each of his purported causes of action, fails to set forth facts sufficient to constitute any claim on which relief can be granted.

## **SECOND AFFIRMATIVE OR OTHER DEFENSE**

**(Failure to Mitigate Damages – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, as to each cause of action allegedly set forth in the Class Action Complaint, Plaintiff is barred from any recovery against Defendant by reason of Plaintiff's failure to make reasonable efforts to mitigate his damages, if any, as required by law. Alternatively, Defendant alleges the damages otherwise recoverable by Plaintiff, if any, must be reduced by the amount of damages attributable to Plaintiff's failure to make reasonable efforts to mitigate the same.

**THIRD AFFIRMATIVE OR OTHER DEFENSE**

**(Fault of Others and/or Plaintiff– All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, damages sustained by Plaintiff, if any, are the result of the actions or inactions of persons or entities other than Defendant, including Plaintiff, and the acts, omissions or liabilities of such persons are the sole proximate cause of the damages claimed by Plaintiff in the Class Action Complaint.

**FOURTH AFFIRMATIVE OR OTHER DEFENSE**

**(Superseding Cause– All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, as to each cause of action allegedly set forth in the Class Action Complaint, Plaintiff is barred from any recovery against Defendant by reason of his own actions and conduct, which constituted an intervening and superseding cause of the damages, if any, which resulted to Plaintiff.

**FIFTH AFFIRMATIVE OR OTHER DEFENSE**

**(Reasonable and Good Faith Belief of Compliance– All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, it acted with a reasonable and good faith belief it complied with its obligations, if any, under all applicable rules, regulations, laws, and ordinances at all times relevant to Plaintiff's Class Action Complaint.

**SIXTH AFFIRMATIVE OR OTHER DEFENSE**

**(Uncertainty – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff's Class Action Complaint and all purported causes of action therein are vague, ambiguous and uncertain.

///

///

///

## SEVENTH AFFIRMATIVE OR OTHER DEFENSE

**(Statute of Limitations – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the claims of Plaintiff are barred by the statutes of limitation, including but not limited to California Code of Civil Procedure sections 337, 338(a), and/or 340.

## EIGHTH AFFIRMATIVE OR OTHER DEFENSE

**(Estoppel – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, as to each cause of action allegedly set forth in the Class Action Complaint, Plaintiff is estopped from asserting such cause of action against Defendant by reason of his own actions and conduct.

## NINTH AFFIRMATIVE OR OTHER DEFENSE

**(Waiver – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, as to each cause of action allegedly set forth in the Class Action Complaint, Plaintiff has waived his right, if any, to assert such causes of action against Defendant.

## TENTH AFFIRMATIVE OR OTHER DEFENSE

**(Unclean Hands – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that, as to each cause of action allegedly set forth in the Class Action Complaint, Plaintiff is barred from asserting such cause of action against Defendant by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

**(Laches – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff has unreasonably delayed in bringing his claims

set forth in the Class Action Complaint to the detriment of Defendant. Therefore, the doctrine of laches bars each and every claim alleged by Plaintiff.

### TWELFTH AFFIRMATIVE OR OTHER DEFENSE

**(Consent/Ratification – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff, by reason of his knowledge statements, and conduct, consented to and ratified the acts of Defendant, thereby barring him from any relief.

### THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

**(No Injury – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff sustained no injury or damages by reason of any act or omission attributable to Defendant.

### FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

**(Unjust Enrichment – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges each and every cause of action is barred in that Plaintiff would be unjustly enriched if he were permitted to recover the damages he seeks.

### FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE

**(Inadvertence – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges any recovery should be reduced in whole or in part because any violations were inadvertent.

### SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

**(Class Action - Standing)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff lacks standing to assert the legal rights or interests of others.

// // //

## SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

**(Class Action – Lack of Predominance)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the types of claims alleged by Plaintiff on behalf of himself and/or the alleged putative group he purports to represent are matters in which individual questions dominate and thus are not appropriate for class treatment.

## EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

**(Class Action – Lack of Commonality)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff is not similarly situated to other potential members of the alleged putative group he purports to represent and is an inadequate representative of the alleged putative class and subclasses.

## NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

**(Class Action – Lack of Typicality)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, certain of the interests of the alleged putative class are in conflict with the interests of all or certain subgroups of the members of the putative class.

## TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

**(Class Action – Lack of Superiority)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff has not shown and cannot show class treatment of the purported causes of action in his Class Action Complaint is superior to other methods of adjudicating the controversy.

## TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

**(Class Action – Lack of Manageability)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Class Action Complaint and each purported cause

of action alleged therein, cannot proceed as a purported class or collective action because of difficulties likely to be encountered that render the action unmanageable.

**TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

**(Class Action - Not Adequate Representative)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff is not an adequate representative of the putative group he purports to represent.

**TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE**

**(Class Action - Putative Groups' Interests in Conflict)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, certain interests of the putative group are in conflict with the interests of all or certain subgroups of the members of the putative group.

**TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

**(*De Minimis* – All Causes of Action)**

Defendant asserts that any injuries sustained by Plaintiff and alleged putative class members and/or any unlawful acts by Plaintiff were *de minimis* and may be properly disregarded.

**TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

**(Lack of Knowledge and Intent – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff sustained no injury or damages by reason of any knowing or intentional act or omission attributable to Defendant.

**TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

**(Good Faith – All Causes of Action)**

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Defendant's acts or omissions were in good faith, and were not willful or intentional.

// / ///

// // //

## TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Compliance – Counts I, II, IV)

Defendant is informed and believes a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, without admitting it engaged in any of the acts, conduct or statements attributed to it by the Class Action Complaint, that Defendant complied with any and all notice requirements, as applicable to its circumstances, under the California WARN Act, Labor Code §§ 1400, *et seq.*, and the Federal WARN Act, 29 U.S.C. § 2101, *et seq.*

## TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

### (Additional Affirmative Defenses – All Causes of Action)

Defendant reserves the right to assert additional affirmative defenses as facts become known which justify the application of affirmative defenses in this action.

WHEREFORE, Defendant prays for judgment on the Class Action Complaint as follows:

1. That Plaintiff take nothing by the Class Action Complaint and the Complaint be dismissed with prejudice;

2. That Defendant be awarded its attorneys' fees herein;

3. That Defendant be awarded its costs of suit incurred herein; and

4. For such further and other relief as the Court may deem just and proper.

Dated: September 15, 2023　　　　　　　　　WANGER JONES HELSLEY PC

By: __/s/ Giulio A. Sanchez_____
Riley C. Walter
Michael S. Helsley
Giulio A. Sanchez
Steven K. Vote
Attorneys for MADERA COMMUNITY HOSPITAL